### BEN VENTURIO v. THE STATE.

*No. 1112.  Decided May 19th, 1897.*

**Unlawfully Seining Fish, Turtle, etc., Out of Season.**

An information, brought under Penal Code, Arts. 529b and 529g, for unlawfully seining, etc., fish and terrapin on breeding grounds during breeding season, is fatally defective, if it charges defendant with "catching fish and terrapin or both fish and terrapin with a drag seine or set net." Such a charge is in the alternative, which is not permissible.

APPEAL from the County Court of Calhoun.  Tried below before Hon. M. S. MAHON, County Judge.

Appeal from a conviction for catching fish, terrapin, etc., on breeding grounds with sein or net during breeding season; penalty, a fine of $25.

The information is set out in the opinion.  Defendant's motion to quash was overruled.

No further statement necessary.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State:

DAVIDSON, JUDGE.—Appellant was convicted of catching fish, green turtle, and terrapin on the coast, in violation of the statute, and appeals.  The information, in the charging part thereof, is as follows: "Ben Venturio, master of sloop Pat Heyden, late of said county and State, with force and arms, did then and there unlawfully, during the breeding season, consisting of the months intervening between April first and October first, did catch fish or terrapin, or both fish and terrapin, with a drag seine or set net, in waters which have been declared to be breeding grounds for fish, green turtle, and terrapin, to-wit: a certain portion of Lavaca Bay, in Calhoun County, north and west of a line starting from Gallinipper Point, on south bank of said bay, running in a northerly direction along Gallinipper Bar to Point Comfort, or sometimes called Mitchell's Point, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the State."  This prosecution was brought under Arts. 529b and 529g, Pen. Code. 1895, and Subdiv. 7 of said last-named article.  Article 529b reads as follows:  "It shall be unlawful for any person to catch fish, green turtle or terrapin in the bays or coast waters of this State by drag seins or set nets, except as provided for in title xlviii, of the

Revised Statutes." Article 529g is as follows: "It shall be unlawful for any person during the breeding season, consisting of the months intervening between April first and October first, to catch any fish, green turtle, or terrapin by drag seine or set net in these waters, which are hereby declared to be breeding grounds for fish, green turtle and terrapin, to-wit: * * * ∘(7) All that portion of Lavaca Bay in Calhoun County, north and west of a line starting from Gallinipper Point on the south bank of said bay, running in a northerly direction along Gallinipper Bar, to Point Comfort, or₁ sometimes called Mitchell's Point." It will be seen that Article 529g fixes the time of the breeding season, and Subdivision 7 describes the territory in which this alleged offense is said to have occurred. Motion to quash the information is made, because the same does not set out the offense in plain and intelligible words, and because the same is duplicitous, and in the alternative. By an inspection of the information, it will be seen that appellant was charged with "catching fish or terrapin, or both fish and terrapin, with a drag seine or set net." This charges the offense in the alternative. In other words, it charges the appellant with having caught either fish or terrapin, or both fish and terrapin, with a drag seine or set net. This character of pleading is not permissible. It should have alleged, if it was desirous to introduce proof of both, or to meet any possible state of case arising under the facts, that he did catch fish and terrapin. It is permissible where the statute may be violated in one of several ways, to charge or allege conjunctively that the party violated the statute by all the means set forth in the law; but it is not permissible, under any circumstance, to charge it in the alternative. The allegations must be distinct and affirmative, and not uncertain or in the alternative. The authorities are so clear upon this question that we deem it unnecessary to cite them. Because the information is wholly deficient in the manner pointed out, the judgment is reversed, and the prosecution ordered dismissed.

*Reversed and Dismissed.*