FRED TAYLOR v. THE STATE.

No. 3105. Decided June 6, 1906.

**1.—Gaming—Indictment—Charge in Alternative—Statutes Construed.**

Where upon trial for gaming, the indictment charged the defendant in the alternative, to wit: for unlawfully betting at a gaming table *or* bank, and left it uncertain whether or not the offense charged was betting at one or the other, the indictment was insufficient; notwithstanding article 461, Code Criminal Procedure.

**2.—Same—Immunity From Prosecution.**

Where upon trial for gaming it was developed that defendant had been previously brought before the grand jury under the promise of immunity if he would testify fully as to the games in which he had participated, he could not be prosecuted thereafter, although there was some doubt whether he testified to the name of a certain party involved in a game in which he participated, defendant having testified to the essential facts in regard to such game.

Appeal from the County Court of Coleman. Tried below before the Hon. M. M. Williams.

Appeal from a conviction for the violation of the gaming law; penalty, a fine of $10.

The opinion states the case.

*Woodward, Baker & Woodward* and *Snodgrass & Dibrell,* for appellant.—On question of indictment: Venturio v. State, 37 Texas Crim. Rep., 653.

*J. E. Yantis,* Assistant Attorney-General, for the State.—On question of immunity from prosecution: Griffin v. State, 66 S. W. Rep., 782.

HENDERSON, JUDGE.—Appellant was convicted of violating the gaming laws, and his punishment assessed at a fine of $10, and appeals.

Appellant made a motion to quash the indictment and also in arrest of judgment, alleging the same grounds. The charging part of the indictment is, as follows: That Fred Taylor * * * "did then and there unlawfully bet and wager at a certain gaming table or bank, to wit: a pool table then and there kept and exhibited for gaming purposes, etc." The ground of the motion to quash is, that the indictment charged in the alternative that the bet was at a certain "gaming table *or* bank," and left it uncertain whether or not the offense charged was betting at one or the other. Notwithstanding article 461, Code Criminal Procedure, which reads, "When the offense may be committed by different means or with different intents, such means or intents may be alleged in the same count in the alternative," it has been held that the alternative allegation could not be used. But where there was different ways of committing an offense, and they are alleged in the same, they must be alleged conjunctively. Davis v. State, 23 Texas Crim. App., 637; Fry v. State, 36 Texas Crim. Rep., 582; Venturio

v. State, 37 Texas Crim. Rep., 653; Canterberry v. State, 44 S. W. Rep., 522. It is urged, however, that the subsequent allegations, explanatory of what had gone before, to wit: "a pool table then and there kept and exhibited for gaming purposes," eliminates any difficulty concerning the preceding allegations, on the ground that a pool table as defined cannot be a banking game, but must be a table game. Century Dictionary defines pool as a game played on a billiard table with six pockets, by two or more persons. "In the United States the game is played with fifteen balls, each ball numbered, and counting from 1 to 15. The object of each player is to pocket the balls, the number of each ball being placed to his credit." Whether this last allegation in the indictment is intended to define the game of pool as above, constituting it a table game, is complicated with difficulty; as it does not state that it was a game of pool played as a table game, but calls the game as played a pool table. We hold that even if it be conceded that the subsequent allegation meant a game of pool played in the ordinary way as a table game, still the preceding allegation being in the alternative would leave the indictment in a confused state. The court should have entertained a motion to quash. This of course disposes of the case.

But inasmuch as the question of exemption from prosecution may arise should appellant be retried, we believe the court should have given the requested charges on this subject. The judge who tried the case seemed to apprehend that where a party testified before the grand jury he must have testified to all the facts constituting a case before he could be exonerated, whereas the statute seems to exempt him if he testifies about the case. He claimed that he had testified as to this particular case. The county attorney contravened his testimony, stating that the name of the party with whom appellant is alleged to have played in this case, was not mentioned before the grand jury. Appellant stated that he did not remember whether he mentioned the name Kline or not, when he testified before the grand jury as to games in which he participated, but he intended to cover all of the games in which he had played; and that he testified about the game here charged against him. If appellant was brought before the grand jury under the promise of immunity if he would testify fully as to the games in which he had participated, and he testified to any essential fact in regard to a game, or which might be used to make out a case against a party, we believe the immunity would extend to him in regard to such game. The court's charge on this subject should be framed accordingly.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

Brooks, Judge absent.