## Will Keye v. The State.

### No. 3632. Decided April 15, 1908.

**1.—Assault to Murder—Charge of Court—Practice on Appeal—Bill of Exceptions—Motion for New Trial.**

Under article 723, Code Criminal Procedure, it is provided that unless the error appearing from the record was calculated to injure the rights of the defendant, which error shall be excepted to at the time of the trial, or in motion for new trial, the judgment shall not be reversed; and where it appeared on appeal that no complaint was made either by bill of exceptions or in motion for new trial of the court's failure to charge on self-defense, the same could not be considered. Following Bailey v. State, 45 S. W. Rep., 708; Manning v. State, 81 S. W. Rep., 957.

**2.—Same—Evidence—Bill of Exceptions.**

Where upon trial for an assault with intent to commit murder there was no bill of exceptions reserved to the testimony of a State's witness, the same cannot be considered on appeal.

**3.—Same—Motion for New Trial—Evidence—Hearsay.**

Where the motion for new trial did not complain of the testimony objected to on trial, the matter cannot be considered on appeal; besides the testimony was hearsay.

Appeal from the District Court of Travis. Tried below before the Hon. Geo. Calhoun.

Appeal from a conviction of aggravated assault; penalty, sixty days confinement in the county jail.

The opinion states the case.

*Albert S. Phelps* and *P. H. Spiller,* for appellant.—On question of self-defense: Haynes v. State, 39 S. W. Rep., 106; Wheeler v. State, 34 Texas Crim. Rep., 350; Mundine v. State, 37 Texas Crim. Rep., 5; McLaughlin v. State, 10 Texas Crim. App., 340. On question of evidence: Long v. State, 36 Texas, 6; Case v. State, 12 Texas Crim. App., 228. On question of rejecting defendant's testimony: Howard v. State, 23 Texas Crim. App., 265; Stewart v. State, 36 Texas Crim. Rep., 130; Pridgen v. State, 31 Texas 420.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Travis County, for the offense of assault with intent to murder one Blanche Dumont. He was on trial convicted of an aggravated assault, and his punishment assessed at sixty days confinement in the county jail.

It is unnecessary to set out the facts in the case. The motion for a new trial raises two questions only: First, complaint was made of the presence of the prosecuting witness, Blanche Dumont, in court while the jury were being selected. Second, objection was made to the admission of proof of other offenses committed by appellant.

In this court, complaint is made that the court erred in not charging, under the facts of the case, on the issue of self-defense. An inspection of the court's charge discloses the fact that nowhere in it was the issue of self-defense submitted to the jury. It is the contention of counsel for appellant that the facts taken together raised the issue of self-defense. No request for a submission of the defense of self-defense was made in the court below, nor was complaint made in appellant's motion for a new trial of such failure to so charge in the trial court. Article 723 of the Code of Criminal Procedure, is as follows: "Whenever it appears by the record in any criminal action, upon appeal of the defendant, that any of the requirements of the eight preceding articles have been disregarded, the judgmnt shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant, which error shall be excepted to at the time of the trial, or on motion for a new trial." Since the adoption of this article of the Revised Statutes in 1897, it has uniformly been held by this court that where no exceptions were reserved to the charge of the court, or the failure of the court to give requested charges, either by bills of exception reserved at the time, or in the motion for a new trial, appellant is not in a condition to complain. Bailey v. State, 45 S. W. Rep., 708. It has even been held that where there is material error of an affirmative character in the charge given, unless such error was excepted to at the time of the trial, or on motion for a new trial, such erroneous instructions are not ground for reversal. Pena v. State, 38 Texas Crim. Rep., 333. To the same effect see Manning v. State, 81 S. W. Rep., 957. So we think it clear that appellant is not entitled to a reversal of the case in view of the record, as here presented, even if it be conceded that the court should have charged on self-defense. Again, we doubt seriously whether the issue of self-defense was raised in the case.

Again, complaint is made that the court erred in permitting the witness Blanche Dumont to testify as follows: "On the evening of the 10th of April I saw him (meaning defendant). I saw him at my house. He had a difficulty at my house about a year ago; it was last summer or in the early part of the spring. Mr. Keye came in one day. Margaret, that is his mistress, they had been together for four years, came to me and said that she believed that she was going to have

trouble with Mr. Keye. After a while Mr. Keye came to her room and went to kicking the door. I told him to stop, that I was getting mighty tired of it. Then he went in the room and commenced beating Margaret. I told him that if he did not quit beating Margaret I would have him arrested. He says (meaning defendant) bring in your officers if you want to. I had him arrested and fined for striking and beating the girl." This testimony was objected to, as the bill recites, for the reason that same was wholly immaterial, irrelevant and incompetent, and threw no light upon any of the issues in the case, but was calculated to and did poison and prejudice the minds of the jury against the defendant, and was not the best testimony, and moved the court to exclude the same from the jury, and instruct the jury to disregard the same. In his explanation in approving the bill, the court states that the only objection to the testimony offered was that the State should be confined in the testimony to the occurrence on April 10, 1907, as alleged in the indictment. The attorney for the State stated that he asked the question for the purpose of proving malice and hard feelings on the part of the defendant towards the complainant, Blanche Dumont. The objection was overruled, and the witness stated the facts set out in bill of exceptions, but there was no exception or objection taken or made to the testimony by the defense, and no motion either verbal or written was made to strike out said testimony by any one. As modified and explained by the court, it can hardly be seriously contended that this action of the court is reversible error.

Again, appellant contends that the court erred in excluding the testimony of the witness Randalls in respect to statements of Margaret Speed, an inmate of Blanche Dumont's house, that they (meaning the Dumont people, would be fixed for him if he came back. A sufficient answer to this contention is, that it was not made a ground of the motion for a new trial, and besides, as explained by the court in allowing the bill of exceptions relied on, it appears, "The witness had no personal knowledge about the matter, and knew only what some one had told him. His testimony on this point was objected to by the State as hearsay, and as not part of the res gestæ, which objection was sustained by the court." In view of this explanation of the trial court, there was manifestly no error in excluding this testimony.

These comprise the only questions raised either in the motion for a new trial or by appellant in his brief. There is not, as we believe, any merit in any of them, and it follows that the judgment of the court below should be affirmed, and it is accordingly so ordered.

*Affirmed.*