### SAM VEAS v. THE STATE.

. No. 4017.   Decided December 2, 1908.

**1.—Assault to Murder—Sufficiency of the Evidence.**

Where upon appeal from a conviction of assault with intent to murder the evidence sustained the verdict, there was no error.

**2.—Same—Misconduct of Jury—Affidavits—Discretion of Court.**

Where in a motion for a new trial the attached affidavits were clearly contradicted by the testimony upon the issue of the misconduct of the jury and at the best there was a conflict, which must be left to the discretion of the court, there was no ground for reversal.

**3.—Same—Jury and Jury Law—Bill of Exceptions.**

Where upon appeal from a conviction of assault to murder the complaint that the appellant had not been tried by a regular jury was not reserved by bill of exceptions, the same could not be considered.

**4.—Same—Continuance—Bill of Exceptions.**

Where there was no bill of exceptions to the overruling of a motion for continuance, the same could not be considered on appeal.

**5.—Same—Practice on Appeal—Statutes Construed—Motion for New Trial.**

Under article 723 Code Criminal Procedure, the appellate court will not review errors assigned in appellant's brief which were not reserved in his motion for new trial.

Appeal from the District Court of Angelina.   Tried below before the Hon. James I. Perkins.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Sam D. Snodgrass,* for appellant.—On question of misconduct of jury:   Blocker v. State, 61 S. W. Rep., 391; Ysaguirre v. State,

58 S. W. Rep., 1005; Blaleck v. State, 62 S. W. Rep., 571; Kann-macher v. State, 51 Texas Crim. Rep., 118; 101 S. W. Rep., 238. On question of excepting to court's charge in motion for new trial: Martinez v. State, 33 S. W. Rep., 970.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of assault to murder, and his punishment assessed at ten years confinement in the penitentiary.

The first ground of the motion for a new trial complains that the evidence is insufficient. We think the evidence is sufficient.

The second ground is that the jury which tried appellant was prejudiced against him on account of the fact that he was a negro and the injured party was a white man, as shown by affidavits attached and testimony adduced. We have carefully read this testimony. The affidavits of appellant were clearly contradicted by the evidence introduced upon the trial of this issue before the court, therefore, do not form a basis for reversal of this case.

The third ground of the motion complains that appellant was not tried before a regular jury drawn for the fifth week of the court as is provided by law. There is no bill of exceptions in this record presenting this matter, and same can not be reviewed.

The fourth ground of the motion complains of the misconduct of the jury along the lines above suggested, but all the evidence on the question was heard by the court; same is very conflicting. The court heard the evidence, and we do not feel inclined to reverse the findings of the lower court.

The fifth ground of the motion complains of the action of the court in overruling the motion for continuance. There is no bill of exceptions presenting this matter.

Various errors are suggested in appellant's brief in addition to the above grounds set up in the motion why this case should be reversed, but under article 723 of the Code of Criminal Procedure, the present court has held that same will not be reviewed where there is no complaint in motion for new trial of such supposed errors.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*