### C. A. TILMYER v. THE STATE.

#### No. 512.   Decided March 23, 1910.

**1.—Murder—Charge of Court—Serious Bodily Injury.**

Where, upon trial for murder, the evidence showed that it could not possibly be anticipated that the preparation of the deceased to attack the defendant could be other than to take life, the omission in the court's charge that the defendant had a right to defend himself against the infliction of serious bodily injury was not reversible error.

**2.—Same—Charge of Court—Self-Defense—Intent.**

Upon trial for murder, where the evidence showed threats by the deceased against defendant; that the latter secured a gun for the purpose of protecting himself, and that when he came upon the deceased, saw the latter make a demonstration as if to draw a pistol, when he killed him, it was reversible error to so frame the court's charge as to eliminate self-defense in the event the deceased made an attack upon defendant, before the latter carried out his effort or intent to kill the deceased, even if defendant had such intent in arming himself.

**3.—Same—Charge of Court—Defensive Theory.**

When an issue is presented by the defense in a felony case the same must be submitted in a proper charge of the court, although the court may believe the same to be false.

Appeal from the District Court of Caldwell.   Tried below before the Hon. L. W. Moore.

Appeal from a conviction of murder in the second degree; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*M. O. Flowers,* for appellant.—Upon the question of the court's duty to submit the issues raised by the evidence: Erwin v. State, 10 Texas Crim. App., 700; Thomas v. State, 40 Texas, 60; Lowe v. State, 44 Texas Crim. Rep., 224, 70 S. W. Rep., 206; Hurst v. State, 40 Texas Crim. Rep., 378, 46 S. W. Rep., 635; Hurst v. State, 50 S. W. Rep., 719; Nugent v. State, 46 Texas Crim. Rep., 67, 80 S. W. Rep., 84; Fults v. State, 50 Texas Crim. Rep., 502, 98 S. W. Rep., 1057; Sartin v. State, 51 Texas Crim. Rep., 571, 103 S. W. Rep., 875; McCullough v. State, 50 Texas Crim. Rep., 132, 94 S. W. Rep., 1056.

On question of court's charge in failing to instruct on serious bodily injury: King v. State, 13 Texas Crim. App., 277; Bell v. State, 17 Texas Crim. App., 538; Miles v. State, 18 Texas Crim. App., 156; Swain v. State, 48 Texas Crim. Rep., 98, 86 S. W. Rep., 335; Chapman v. State, 57 S. W. Rep., 965.

On the court's charge on threats: Chapman v. State, 67 S. W. Rep., 965; Phipps v. State, 34 Texas Crim. Rep., 560, 31 S. W. Rep., 397; Alexander v. State, 70 S. W. Rep., 748.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for murder in the second degree with a penalty of twenty years confinement in the penitentiary.

On the trial of the case several witnesses testified that the deceased had made threats against the life of the defendant. On the evening of the killing, the defendant testified, that being alarmed and frightened at the frequent threats made against his life by the deceased, he procured a gun for the purpose of protecting himself and started toward his shop. While walking down the street he saw the deceased standing in the door, and when the deceased saw him he turned and looked at him and threw his hand to his hip, and that believing that deceased was going to carry his threats into execution he shot and killed the deceased. On the trial of the case the court charged the jury on the subject of threats as follows: "Where a defendant accused of murder seeks to justify himself on the ground of threats against his own life he may be permitted to introduce evidence of the threats made, but the same shall not be regarded as affording a justification for the offense unless it be shown at the time of the homicide the person killed by some act then done manifested an intention to execute the threats so made. If you believe from the evidence that the deceased did make threats against the life of defendant, and it reasonably appeared to the defendant at the time of the killing the deceased made such an act or demonstration as reasonably to produce in the mind of the defendant that the deceased then and there intended to take the life of the defendant, you will acquit." In connection with this charge the court further charged the jury as follows: "If you believe that the defendant prepared himself with a gun for the purpose of seeking the deceased with the intent to kill him and did shoot and kill the deceased then such threats would not justify the defendant in shooting and killing the deceased." The whole charge on the subject of threats is complained of in the appellant's motion for a new trial in that it omitted to charge the jury on the subject of apparent danger growing out of the threat and the doing of the act; and, further, that the charge is more restrictive than the statute; and, third, that it omitted to state to the jury that the appellant had the right to defend not only against threats to take life, but to inflict serious

bodily injury. In view of the facts surrounding the killing, we do not think that the charge is subject to the criticism leveled against it. It was in the language of the statute and did authorize the jury to consider apparent danger, and while it is better always in submitting a charge upon threats to take life to include also serious bodily injury, yet we are not prepared to say that in every case it would be error to omit to so instruct the jury. If the positions of the parties and conditions surrounding them are such that it could not possibly be anticipated that the preparation of the party could be other than to take life, then the omission to say he would be justified if the threat was made to seriously inflict bodily injury would not be such error as would authorize a reversal. We are, however, inclined to think that the second paragraph of the charge as above quoted should not have been given to the jury. It may be true that appellant prepared himself with a gun for the purpose of seeking the deceased with the intent to kill him and did shoot and kill him, yet, though the intention may have been in the mind of the deceased to shoot and kill, when he meets his assailant, if the assailant commences an attack on him before he has made any effort to carry out his intention, in such case his right of self-defense would be perfect; and if the deceased, before the defendant did anything, did some act or made some demonstration that manifested an intention to carry his threat into execution, he would certainly have a right to defend and could justify the killing on the ground of threats made and an effort to carry them into execution. This charge should not have been given, and for this error the case must be reversed. It is true, no one testified to this state of facts surrounding the killing other than the appellant, yet he was entitled to have his view of the case presented to the jury, and though the jury may not believe what he said about it, they, and not the court, are the judges. When an issue is presented, though the court may think it false, yet the law has lodged it with the jury to pass upon the facts of a case under proper instructions and where the instructions are not proper and legal and calculated to do injury to the appellant, it is the duty of this court to reverse the case.

There are other questions raised in the record, but as they are not likely to occur upon another trial, they will not be considered.

For the error indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*