## C. A. TILMEYER v. THE STATE.

### No. 1060.   Decided March 22, 1911.

*Rehearing Denied May 10, 1911.*

**1.—Murder—Continuance—Bill of Exceptions—Qualification.**

Where, upon trial of murder, defendant's application for continuance stated that he was sick and unable to proceed with the trial, but the bill of exceptions as qualified by the judge showed that the defendant's physicians stated that the defendant could go to trial without injury to his health, there was no error.

**2.—Same—Charge of Court.**

Where the requested charge refused by the court was contained in the main charge there was no error.

**3.—Same—Charge of Court—Threats—Self-Defense.**

Where, upon trial of murder, the court's charge on the question of threats and self-defense were in accordance with the opinion of the court in the former appeal in the case, there was no error.

**4.—Same—Charge of Court—Erasures.**

Where it appeared on appeal from a conviction of murder that the erasures in the court's charge could not have misled the jury, there was no error.

**5.—Same—Charge of Court—Murder in the Second Degree.**

Where, upon appeal from a conviction of murder in the second degree, the exception to the court's charge was of a general character and pointed out no error, the same could not be considered; besides under article 723 the record showed that there was no such error which was calculated to injure the rights of the defendant.

**6.—Same—Sufficiency of the Evidence.**

Where, upon appeal from a conviction of murder in the second degree, the same was supported by the evidence, there was no error.

**7.—Same—Assignments of Error—Practice on Appeal.**

Assignments of error can not be considered on appeal, and all matters must be presented by motion for new trial, or they will not be considered on appeal.

Appeal from the District Court of Caldwell.   Tried below before the Hon. L. W. Moore.

Appeal from a conviction of murder in the second degree; penalty, thirty years imprisonment in the penitentiary.

The opinion states the case.

*M. O. Flowers* and *O. Ellis, Jr.,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant by indictment was charged with the offense of murder.   Upon a trial in the District Court of Caldwell County he was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a period of thirty years.

1.   Appellant complains of the action of the court in overruling his

application for a continuance, as shown in bills of exception Nos. 1, 2 and 3. The appellant in his motion stated he was sick and unable to proceed with the trial. The court had two physicians to examine defendant, who, under oath, stated appellant was in condition to proceed with the trial. To one of the bills the court attaches the following qualification: "The trial began on July 12, and on morning of 13th counsel for defendant reported to the court that defendant was sick and unable to proceed with the trial of the cause, and the court thereupon postponed same until 2 p. m., when Dr. A. A. Ross, the attending physician upon defendant, under order of the court was called before the court, who testified that he had visited defendant in the morning at 6 o'clock, about 10 o'clock and at 12:30 o'clock at instance of defendant and that in his opinion defendant needed a dose of calomel; that his tongue was a little coated, but that in his judgment that so far as the physical condition of defendant was concerned it was perfectly safe for him to go on in the trial of this case now, and that said opinion was based upon his examination of defendant, whereupon the court overruled said motion, and ordered defendant to be brought into court and the cause proceed. The sheriff reported back to court that defendant refused to come to court; that he claimed to be sick and couldn't walk, and he didn't know how to bring him into court. Whereupon the court ordered the sheriff to go to the room of defendant and bring him into court, it was immaterial as to the means used whether in a buggy or wagon, but that two men could bring him in on a cot. Said order was complied with and two men brought defendant into court. Defendant's counsel again urged a postponement of the case until the following day, which motion was granted, and Drs. A. A. Ross and W. H. O'Banion were ordered to give special attention to the defendant and report his condition on the following day, which was accordingly done, and in substance they reported that defendant was in sound physical condition, and without injury to his health could proceed with the trial then as well as he ever could, whereupon the court ordered the case to proceed."

It is a well settled rule in this State when one accepts a bill as qualified by the judge, he is bound by the qualification. Jones v. State, 31 Texas Crim. Rep., 7; Hardy v. State, 31 Texas Crim. Rep., 289. As thus presented, the court did not err in overruling the motion.

2. In bill of exceptions No. 4 appellant complains of the action of the court in refusing to give special charge No. 3 requested by defendant. The court gave charge No. 2 requested by defendant. This is on the same phase of the case, and when read in connection with the court's charge, all matters contained in the charge refused had been presented to the jury.

3. In bills of exception Nos. 5 and 7 appellant complains of sep-

arate paragraphs of the court's charge on threats and self-defense. The court charged the jury: "Where a defendant accused of murder seeks to justify himself on the ground of threats against his own life, he may be permitted to introduce evidence of the threats made, but the same shall not be regarded as affording a justification for the offense unless it be shown that at the time of the homicide the person killed by some act then done manifested an intention to execute the threat so made.

"If you believe from the evidence that the deceased did make such threats against the life of the defendant, and it reasonably appeared to the defendant at the time of the killing the deceased made such an act or demonstrated as reasonably to produce in the mind of the defendant that the deceased then and there intended to take the life of the defendant or do him some serious bodily harm, you will acquit. And if the defendant at the time of killing did reasonably believe from some act or demonstration then and there made by the deceased as it reasonably appeared to him the defendant judged of from his own standpoint did then and there intend to kill the defendant or do him some serious bodily harm then you should acquit."

The court also, at the request of defendant, gave the following special charge:

"You are instructed that it is not essential to the right of self-defense that real danger should exist. If from the defendant's standpoint, taking into consideration all of the facts and circumstances surrounding the parties, it reasonably appeared to the defendant that he was in danger of death, or serious bodily injury, under the law he had the right to defend against such apparent danger, to the same extent as if the danger was real, although in fact, no danger existed. And in each case in order to determine whether or not the defendant had a reasonable fear of danger to his life or serious bodily injury at the time of the killing, each juror must put himself in the defendant's place and determine from all facts and circumstances as they appeared to the defendant at the time whether his apprehension or fear of death or of serious bodily injury was reasonable, and if you find that they were reasonable, then you must acquit the defendant."

This fairly presented the law applicable to the facts in this case, and is in accordance with the opinion of the court in the former appeal in this case. (Tilmyer v. State, 58 Texas Crim. Rep., 562, 126 S. W. Rep., 870.) It will be noted that portion of the charge was omitted which the court criticised, and it was changed so as to conform to the opinion in that case, and in addition thereto the court gave the special charge herein copied. See also Parks v. State, 35 Texas Crim. Rep., 378.

4. Appellant also complains that in the charge given to the jury, that that portion of the charge which the court criticised and held error in the former appeal was merely erased. It seems that the

court must have used the same page used in the former trial of this case, and run his pen through that portion of it held incorrect. We have examined the charge (the original having been sent to us) and the jury could not have been misled injuriously to defendant. If they took the trouble to decipher it, under the erasure, they knew the court held it not the law, or he would not have erased it.

5. In bill of exception No. 8 appellant complains of the .court's charge in submitting murder of the second degree, the exception being that "said charge was confusing, misleading, unintelligible, and was not such a clear presentation of the law as the defendant was entitled to under the laws of this State, and because said part of said charge was so carelessly worded as to leave the jury wholly in doubt as to the meaning of that part of the court's charge." In Maxwell v. State, 31 Texas Crim. Rep., 119, the court holds: "The principal ground urged for a rehearing is on the failure of the court to apply the charge of manslaughter. The statutory charge was given, but the complaint is, it was a stereotyped charge, when it should have adjusted itself to the facts. There was a general exception taken to the charge, but such an exception under the repeated decisions of this court, can not be regarded." The above exception is general and points out no error complained of. We have, however, read the charge and there is no error that could be injurious to defendant. In Godwin v. State, 39 Texas Crim. Rep., 404, it is held: "Appellant contends that the court committed error in giving a charge on provoking the difficulty by deceased. We are inclined to agree with appellant that such charge was not called for . . . but the question here is, was the error of a material character, for under the Acts of the Twenty-fifth Legislature a charge must not only be erroneous, but calculated to injure the rights of the defendant." Again, in Lucas v. State, 39 Texas Crim. Rep., 49, Judge Davidson, speaking for the court, says: "But the question before us now is, notwithstanding this charge was excepted to at the time, whether the same was calculated to injure the rights of the accused. Article 723, as amended, reads: 'Whenever it appears by the record in any criminal action, upon appeal by defendant, that any of the requirements of the eight preceding articles have been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant."

6. The complaint that the evidence does not support the verdict, in that the evidence shows that defendant is guilty only of the offense of manslaughter, if any offense, has been twice passed on by the jury. The court gave a full and comprehensive charge on this question, both in his main charge and the special charge given at request of defendant.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

May 10, 1911.

HARPER, Judge.—Appellant has filed a lengthy motion for a new trial, and an able brief, this case having been affirmed at a former day of this term.

Complaint is made that "assignments of error, and propositions thereunder," contained in appellant's brief were not considered by the court. In the brief appellant admits no "assignments of error were filed in the lower court," and on appeal we consider only such matters as were presented in bills of exception and motion for a new trial presented to the trial court. In Harvey v. State, 57 Texas Crim. Rep., 7, it is held: "We find an assignment of error, but an assignment of error has no place in this court. All errors in the charge must be reserved in motion for new trial. The assignment of errors is not filed in the lower court. In the absence of a motion for a new trial there is nothing to review." Again in Flournoy v. State, 57 Texas Crim. Rep., 88, it is held: "There is some criticisms of the charge in the brief which are not mentioned in the motion for a new trial. As these matters are presented they can not be considered." And in Veas v. State, 55 Texas Crim. Rep., 125, this court says: "Various errors are suggested in appellant's brief in addition to the above grounds set up in the motion for a new trial why this case should be reversed, but under article 723 of the Code of Criminal Procedure, the present court has held that same will not be reviewed where there is no complaint in the motion for new trial." For a number of years it has been the rule of decision that this court will not consider "assignments of error." On appeal everything raised by bill of exceptions or in the motion for a new trial is given due consideration, but to these alone we look.

In the original opinion in this case we reviewed every bill of exceptions reserved, and all the grounds stated in the motion for a new trial, and we have simply written this to reiterate what the court has said in its former opinions. One appealing his case must present to the trial court in his motion for a new trial all matters upon which he seeks a new trial. Matters complained of for the first time in this court will not be considered. The motion for rehearing is overruled.

*Overruled.*