### DR. G. W. WHITE v. THE STATE.

No. 2382.　Decided April 30, 1913.

Rehearing denied May 28, 1913.

**1.—Illegal Practice of Medicine—Motion for New Trial—Adjournment—Assignment of Errors.**

Where no motion for a new trial was filed during the term of court, and subsequent to the adjournment of the trial court appellant filed assignments of error in which many matters are complained of not mentioned in the motion in arrest of judgment, the same can not be considered on appeal.　Following Veas v. State, 55 Texas Crim. Rep., 125, and other cases.

**2.—Same—Information—Disjunctive and Conjunctive.**

Where, upon trial of illegal practice of medicine, the information and complaint alleged that defendant did then and there in the manner hereinafter stated unlawfully treat a disease or disorder, towit, did treat one Miss Lavina Spangler, a human being, for tuberculosis and also for constipation and did diagnose her case and prescribe therefor and did charge therefor, etc.　Held, that the same was not in the disjunctive form and informed the defendant specifically with what offense he was charged, and the use of the word "or" between the words "disease" and "disorder" did not make the language uncertain.　Distinguishing Taylor v. State, 50 Texas Crim. Rep., 183; 95 S. W. Rep., 119.

**3.—Same—Information—Complaint—Disease.**

In an information and complaint for the illegal practice of medicine, it was not necessary to allege whether the disease was a mental or physical disease, the same charging defendant with treating tuberculosis and constipation, which are physical diseases.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of illegal practice of medicine, the evidence sustained the conviction, there was no error.

**5.—Same—Practice on Appeal—Assignments of Error.**

Complaints in the assignments of error which were not presented to the trial court can not be considered on appeal.

Appeal from the County Court of Bexar.　Tried below before the Hon. J. R. Davis.

Appeal from a conviction of the illegal practice of medicine; penalty, a fine of $500 and ninety days confinement in the county jail.

The opinion states the case.

*Mangum & Townsend* and *Ball & Seeligson* and *Lightfoot, Brady & Robertson,* for appellant.—On question of motion in arrest of judgment:　Canterberry v. State, 44 S. W. Rep., 522; Venturio v. State,

37 Texas Crim. Rep., 653; Taylor v. State, 50 Texas Crim. Rep., 183, 95 S. W. Rep., 119; Meyer v. Fidelity Co., 96 Iowa, 378.

On question of insufficiency of the evidence: Person v. State, 53 Texas Crim. Rep., 334, 109 S. W. Rep., 935; Marshall v. State, 56 Texas Crim. Rep., 205, 119 S. W. Rep., 310; Young v. State, 59 Texas Crim. Rep., 358, 128 S. W. Rep., 1103.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of sufficiency of the indictment: Milling v. State, 150 S. W. Rep., 434.

On question of the sufficiency of the evidence: Singh v. State, 66 Texas Crim. Rep., 156, 146 S. W. Rep., 891; Germany v. State, 62 Texas Crim. Rep., 276, 137 S. W. Rep., 130; Collins v. State, 152 S. W. Rep., 1047; Dankworth v. State, 61 Texas Crim. Rep., 157, 136 S. W. Rep., 788; Stiles v. State, 66 Texas Crim. Rep., 665, 148 S. W. Rep., 326.

HARPER, JUDGE.—Appellant was prosecuted under a complaint and information; omitting the formal parts, the complaint charging: "That Dr. G. W. White in the County of Bexar and State of Texas, on the 12th day of October, A. D. 1912, said Dr. G. W. White, who was then and there a resident of Bexar County, Texas, did publicly profess to be a physician, and did then and there practice medicine upon a human being, within the limits of the State of Texas and County of Bexar, without authority of law, towit: Did then and there in the manner hereinbefore and hereinafter stated, unlawfully treat a disease or disorder, towit: did treat one Miss Lavina Spangler, a human being, for tuberculosis and also for constipation, and did diagnose her case, and prescribe therefor, and did charge therefor, said treatment being given in the capacity of a physician, in order to effect a cure of said disease and disorder; so unlawfully treating in the County of Bexar, State of Texas, in which said State and county the said Dr. G. W. White then and there resided, all of which said treatment was given in violation of the provisions of chapter 123, Acts of the Thirtieth Legislature of the State of Texas, without having first registered in the district clerk's office of Bexar County, Texas, the county in which he, the said Dr. G. W. White, then and there resided, his authority from the Board of Medical Examiners for the State of Texas, for so practicing, together with his age, postoffice address, place of birth, school of practice to which he then and there professed to belong, subscribed and verified by oath, as prescribed and required by the provisions of chapter 123 of the General Laws of the State of Texas, Acts of the Thirtieth Legislature of Texas, page 224 et seq., against the peace and dignity of the State."

After a judgment of conviction, appellant filed the following motion in arrest of judgment: "Because the information and complaint on which same is based are insufficient to charge the offense or any offense against the laws of Texas, in this: Said complaint charges disjunctively the offense intended to be charged, and the statute upon which

the prosecution is founded makes it an offense to treat a disease or disorder, mental or physical, or any physical deformity or injury by any system or method, or to effect cures thereof, and this complaint in the same count, and in a single count charged that the defendant did unlawfully treat a disease or disorder, and the same is charged disjunctively and for this reason said complaint is uncertain and indefinite and does not clearly set out whether the defendant treated a disease or disorder; and the allegations are repugnant.

"Second. Said information is insufficient in that it does not charge that the disease or disorder was either a mental or physical disease or disorder.

"Third. Said information is insufficient in that it does not charge Laura Spangler was treated by any system or method or was treated to effect cure of any physical or mental disease or disorder or how she was treated.

"Fourth. Said information is insufficient in that it does not allege that the defendant charged for such treatment or services as a physician any money or other compensation, nor what if anything said defendant charged therefor.

"Fifth. Because there is a variance between the complaint and information in that the complaint charges that defendant did unlawfully treat a disease or disorder while the information charges that defendant did treat a disease and disorder.

"Sixth. Because the information is not founded on the complaint, and does not substantially state the same offense charged in the complaint, if any.

"Seventh. Because the information does not charge what disease or disorder was treated, but only says that defendant did treat Miss Laura Spangler for tuberculosis and constipation also.

"Eighth. Because the verdict is not sustained by the evidence."

No motion for new trial was filed at any time, but when the court overruled this motion in arrest of judgment appellant gave notice of appeal, and entered into a recognizance, and by these acts the County Court was deprived of all jurisdiction in the premises. Subsequent to the adjournment of court for the term appellant filed assignments of error in which many matters are complained of, not mentioned in the motion in arrest. The question arises, can the matters presented in the assignments of error filed about a month after the adjournment of court be reviewed by us? All of our decisions hold that matters thus presented can not be reviewed on appeal. Veas v. State, 55 Texas Crim. Rep., 125; Harvey v. State, 57 Texas Crim. Rep., 7; Day v. State, 62 Texas Crim. Rep., 448, 138 S. W. Rep., 131; Williams v. State, 7 Texas Crim. App., 163; Keye v. State, 53 Texas Crim. Rep., 320; Daniels v. State, 58 Texas Crim. Rep., 569.

As seen by the first ground in the above motion, and relied on by appellant, it is alleged that the complaint charged the offense disjunctively and not conjunctively, and many authorities are cited. If this

construction should be given the complaint, it may be said that our decisions heretofore seem to hold that this would vitiate the complaint. The allegation in the motion is that wherein the complaint charges that appellant "did then and there in the manner hereinafter stated unlawfully treat a disease or disorder, towit: did treat one Miss Lavina Spangler, a human being, for tuberculosis and also for constipation, and did diagnose her case and prescribe therefor and did charge therefor," etc., that the use of the word "or" between the words "disease" and "disorder" renders the complaint defective because in the disjunctive. We are referred to the case of Taylor v. State, 50 Texas Crim. Rep., 183, 95 S. W. Rep., 119, as being in point on this question, and therein it is said that the use of the word "or" left the indictment in a confused state. We do not think the same can be said of this complaint. When it said a disease or disorder, towit: tuberculosis, there could be no uncertainty. The appellant was informed specifically with what he was charged. An indictment, like any other pleading, must be read as a whole, and this indictment, when so read is not in the disjunctive nor uncertain, but it clearly and in unambiguous language informs appellant of the offense with which he is charged, and the disease which he treated. Placing the words "towit: tuberculosis and constipation" limited the meaning of the words "disease" and "disorder" in this particular case to those diseases and he could have been convicted for treating her of no other disease or disorder than the two named. Therefore, the complaint is certain and specific in its allegations and is not in the disjunctive when read and construed as a whole. Neither was it necessary for the complaint to allege whether the disease was a mental or physical disease,—all persons are aware that tuberculosis and constipation are physical diseases. The complaint is herein copied, and it, on its face, demonstrates that the other grounds in the motion in arrest of judgment on account of alleged defects in the complaint are not well taken.

The only other ground in the motion contends that the evidence is insufficient to sustain the verdict. We have read the record carefully, and are fully convinced that the evidence supports the contention that appellant was treating and offering to treat disease for pay, and did, in this instance, treat and offer to treat Miss Lavina Spangler for tuberculosis and prescribe for her for constipation.

The other complaints in the assignments of error we will not discuss as they were not presented to the trial court. It is only fair to trial courts that all grounds upon which it is claimed he erred should be presented to him in the motion for new trial, and he be given an opportunity to correct his own error, if any he has committed.

Affirmed.

*Affirmed.*