## IRA COLLINS V. THE STATE.

### No. 3218. Decided December 9, 1914.

**1.—Unlawfully Practicing Medicine—Charge of Court.**

Where the exceptions taken to the charge of the court had been previously decided adversely to defendant, it is deemed unnecessary to discuss them. Following Singh v. State, 66 Texas Crim. Rep., 156, and other cases.

**2.—Same—Information—Enhanced Punishment—Same Offense.**

Where, upon trial of unlawfully practicing medicine, the information, in order to obtain the enhanced punishment for previous convictions, charged that the defendant had been before convicted of the same offense instead of alleging a similar offense, the same was fatally defective. Following Kinney v. State, 45 Texas Crim. Rep., 500, and other cases.

**3.—Same—Defective Indictment—Charge of Court—Evidence.**

Where, upon trial of unlawfully practicing medicine, the information was insufficient to permit the introduction of former judgments for similar offenses, but the court, nevertheless, permitted the same to go to the jury, a withdrawal of the same thereafter could not cure the error.

**4.—Same—Money—Variance—Charge of Court.**

Where, upon trial of unlawfully practicing medicine, the information alleged that defendant charged two dollars current money of the United States of America for his services, but the evidence did not show what kind of money was paid, the allegation was not proved, and a charge of the court which authorized a conviction, if defendant charged any money of any sort, to which objection was made, was reversible error.

**5.—Same—Evidence—Irrelevant Matter.**

Where, upon trial of unlawfully practicing medicine, the State was permitted to introduce testimony that the defendant had a credit on the books of a certain publishing company, without connecting the matter up in some way to make it admissible, the same was error.

**6.—Same—Evidence—Advertisement.**

Where, upon trial of unlawfully practicing medicine, it was not shown that defendant was connected with a certain advertisement, which was introduced in evidence, the same was error.

**7.—Same—Recognizance—Notice of Appeal—Practice on Appeal.**

A recognizance does not oust the trial court of jurisdiction; it takes notice of appeal to do that, without which the jurisdiction of this court does not attach, and where defendant entered into a recognizance in open court, but subsequently moved for a new trial, which the court declined to hear on the ground that this court had obtained jurisdiction, the same was error. Following Bundick v. State, 59 Texas Crim. Rep., 9.

Appeal from the County Court of El Paso. Tried below before the Hon. J. M. Deaver, special judge.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of $200 and ten days confinement in the county jail.

The opinion states the case.

*Denman, Franklin & McGown* and *Coldwell & Sweeney,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of unlawfully practicing medicine, under the second count in the information, which charges that he unlawfully practiced medicine on a human being without having first registered his license as required by law showing his authority to practice medicine as set forth in the statute. It further charges that on or about the 7th day of May, 1913, appellant was convicted in El Paso County in the same court of the same offense herein charged against him, upon pleadings then legally pending in said court, of which the said court had jurisdiction, and that prior to the commission of the aforesaid offenses by the said Ira Collins, towit: On the 8th day of January, 1914, in the County of El Paso, he was duly and legally convicted in said last named court of the same offense hereinbefore charged against him, upon an information then legally pending in said court and of which the said court had jurisdiction. Many exceptions also were taken to the charge of the court, all of which seem to have been decided against him by the previous decisions of this court, and it is deemed unnecessary to discuss them. See Singh v. State, 66 Texas Crim. Rep., 156, 146 S. W. Rep., 891; Byrd v. State, 72 Texas Crim. Rep., 242, 265, 162 S. W. Rep., 360, and White v. State, 70 Texas Crim. Rep., 285, 157 S. W. Rep., 152.

It is contended that the information is insufficient, alleging previous convictions so as to obtain the enhanced punishment authorized by the Penal Code where the party has been previously convicted of similar offenses. This information charges that appellant has been before *convicted of the same offense,* setting out two instances where he has been previously convicted of the same offense. This does not properly charge this character of case as was decided by this court in Kinney v. State, 45 Texas Crim. Rep., 500, and Muckenfuss v. State, 55 Texas Crim. Rep., 216. This question was again raised when the State offered in evidence the records of prior convictions. The court permitted these judgments to go to the jury. However, the court instructed the jury in the charge not to consider the prior convictions. Without going into detail with reference to this question as variously presented, the appellant's contentions are correct; the indictment was not sufficient, in this respect. The court was in error in permitting the evidence to go before the jury to be considered by them. This error was not cured by withdrawing the illegal testimony in the charge. The court can not permit illegal testimony material in nature to go before the jury and remain before them, and then undertake to cure that by withdrawing the evidence from their consideration. That this evidence was hurtful is found in the amount of the punishment assessed, which was a fine of $200 and ten days imprisonment in the county jail. The punishment prescribed by the statute is not less than fifty dollars, nor more than five hundred, and by imprisonment in the county jail for any term not to exceed six months, and each day of such violation shall constitute a separate offense.

Many exceptions were reserved to the charge at the proper time. We call attention to one of these in which the jury was authorized to convict the defendant if, among other things, he charged *any money of any sort for medical treatment,* because the information had alleged that defendant charged *current money of the United States of America for his services.* Upon another trial the court should confine the findings of the jury to the allegations in the information. The information alleges appellant charged $2 *current money of the United States of America* for his services. The evidence does not show what kind of money was paid. The witness said "two dollars." If it was not current money of the United States, of course that allegation would not be met, and the court should have confined the jury to finding the money to be current money of the United States.

Another bill of exceptions recites that the court permitted the introduction of the evidence of Mr. Veazey, the auditor of the El Paso Herald, that the defendant had a credit on the books of the Herald Publishing Company for two hundred and forty-seven dollars. As this is presented we think the objections were well taken. This matter should be connected up in some way to make it admissible. The fact that defendant had $247 to his credit in the Herald Publishing Company did not prove or tend to prove, so far as the matter is shown, any issue in this case. Possibly or probably it might be connected up so as to make it admissible. If the State was trying to show that he was publishing to the world through a newspaper that he was practicing medicine and this money was placed there to pay for such advertisements in that paper, it might be admissible, but it must be connected in some way so as to make it admissible.

Another bill in the same connection shows the court admitted, over appellant's objections, an advertisement that on its face showed it was that of another person and not the defendant, and copies of the "El Paso Daily Herald," containing advertisements of "the A. T. Still Osteopathic Infirmary, Ira W. Collins Physician and Surgeon in Chief," and advertising said infirmary as a hospital, for the cure of diseased persons, to which action appellant urged objections. If Ira W. Collins authorized the publication it would be admissible against him, but until that was shown in some way the mere fact that the A. T. Still Osteopathic Infirmary published his name with it would not make Collins responsible. If he was connected with that infirmary, and it was so shown, this evidence might be admissible to show that he was engaged in that particular character of practice of medicine, but unless it is connected in some way, the testimony would not be admissible.

There is another question which is noticed. There was a motion made to dismiss the appeal. It is thus presented: When the verdict of the jury was returned and before notice of appeal was given, appellant entered into recognizance in open court. Subsequently he moved for a new trial. The court declined to hear that motion because appellant had entered into recognizance, thereby ousting the County Court of jurisdiction. This is not correct. The recognizance does not oust the

trial court of jurisdiction; it takes notice of appeal to do that. Without such notice the jurisdiction of this court does not attach. Under the statute and the authorities notice of appeal is requisite to attach the jurisdiction of this court; a recognizance would amount to nothing in ousting the lower court of jurisdiction and attaching jurisdiction to this court without notice of appeal. In the case of Bundick v. State, 59 Texas Crim. Rep., 9, which was a felony, it is said: "Where, after conviction of murder, a motion for new trial was overruled, notice of appeal was given and an order allowed to file a statement of facts within thirty days; but during the term of the court at which the conviction was had the defendant filed a supplemental motion for new trial alleging that one of the jurors who tried him was an ex-convict, which motion was overruled, and to which the defendant again excepted and gave notice of appeal; and the transcript in the case had not yet been made out and filed in the Court of Criminal Appeals. It was held that the trial court having jurisdiction over its proceedings until the expiration of the term, had jurisdiction of the motion and the case." The trial court was in error in refusing to hear the motion for new trial, which was filed in time, and the mere fact of entering into recognizance did not oust that court of its jurisdiction, and under the authority of the Bundick case, supra, even if he had given notice of appeal, inasmuch as the trial court has jurisdiction over its judgments until the end of the term, that should have been set aside and an additional motion for new trial heard, after which another notice of appeal would have attached the jurisdiction of this court. But in no event does the recognizance attach the jurisdiction of this court. The court should have heard the motion for new trial and passed upon it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*