E. P. HOPSON v. THE STATE.

No. 12571.   Delivered May 22, 1929.
Rehearing denied October 9, 1929.

The opinion states the case.

*Tom F. Coleman* of Lufkin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing a still and equipment for the purpose of manufacturing intoxicating liquor; punishment, one year in the penitentiary.

In this case the motion for new trial was overruled November 15, 1928, and notice of appeal then given.   Art. 760 of our 1925 C. C. P., provides, in terms, that extension or grant of time for filing statement of facts or bills of exception "Shall not be so extended as to delay the filing thereof within ninety days from the date the notice of appeal is given."   Neither trial courts nor this court have power to override the plain letter of the statute.   In this case the statement of facts was filed March 11, 1929, and the bills of exception March 5, 1929.   Same were filed long after the time allowed by law.   They can not be considered by us.   The indictment correctly charges the offense, and is followed by the court's charge, the judgment and sentence.

No error appearing, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant asks that his statement of facts and bills of exception be considered on the ground that when his motion for new trial was overruled on the 15th day of November, 1928, he reserved the right to file an amended motion which he did and which he says was acted on by the court on the 22d day of December, 1928, the day court adjourned. He insists that the ninety-day order for statement of facts and bills of exception should date from December 22d and not from November 15th. The amended motion for new trial and the state's controverting answer, were filed on November 15th,—as shown in the transcript—although affidavits attached to each bear date as made in December. Both instruments were either filed back, or subsequent affidavits were attached after they were filed. In either event it confuses the record and is a practice not to be commended. It is appellant's contention that giving notice of appeal and entering into recognizance on November 15th did not deprive the trial court of jurisdiction during the term of court—to vacate orders made on said November 15th and to act on an amended motion subsequently filed. Our decisions seem to be in harmony with that position. Bundick v. State, 59 Tex. Cr. R. 9, 127 S. W. 543; Collins v. State, 75 Tex. Cr. R. 534, 171 S. W. 729; Hanks v. State, 99 Tex. Cr. R. 218, 269 S. W. 106; Reeves et al. v. State, 4 S. W. (2d) 49. It is the application of appellant's proposition that disturbs us. We are bound by the record as it comes to this court in the transcript. It cannot be impeached by affidavits however true they may be; any other holding would tremendously disturb orderly procedure. There is nothing in the transcript to show that the court ever vacated the order made on November 15th, or ever at any time acted on the amended motion. It is to be regretted if the record in the court below does not speak the facts and thereby appellant should be deprived of having the merits of his case considered. The ninety days' time for filing statement of facts and bills of exception given on November 15th is the order in the court minutes which controls our action, and the time could not be extended to more than ninety days after notice of appeal was given on said November 15th.

The motion for rehearing must be overruled.

*Overruled.*