### Mike Cassidy v. The State.

No. 436. Decided March 9, 1910.

**Occupation Tax—Selling Intoxicating Liquors in Quantities of one Gallon or less—Retail Liquor Dealer—License.**

Where, upon trial of selling intoxicating liquors in retail without license, under section four, of the Act of the Thirty-first Legislature, the evidence showed that, at best, the defendant made but one sale, and was not at all in the business of selling spirituous liquors, the same did not constitute defendant a retail liquor dealer carrying on a business of that sort under said statute.

Appeal from the County Court of Tarrant. Tried below before the Hon. John L. Terrell.

Appeal from a conviction of carrying on the business of retail liquor dealer without license; penalty, a fine of $500 and ten days confinement in the county jail.

The opinion states the case.

*Smith & Lattimore,* for appellant.—One sale can not make a business: Gorman v. State, 38 Texas, 165; Mansfield v. State, 17 Texas Crim. App., 468; Wells v. State, 18 Texas Crim. App., 417; Davidson v. State, 27 Texas Crim. App., 262; Witherspoon v. State, 44 S. W. Rep., 164.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The information and complaint charge the offense in practically the same language, the charging part of both pleadings being as follows, after setting out the date and venue, that Mike Cassidy "without having first applied for and obtained a license under the laws of the State of Texas, as a retail liquor dealer, did then and there unlawfully in a certain locality in said county and State where local option was not then and there in force, sell directly

and indirectly to one C. A. Peabody spirituous liquor capable of producing intoxication, in quantities of one gallon and less, to wit: one pint of whisky, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

It is earnestly insisted that this evidence does not furnish the basis of a conviction under the law under which the prosecution is brought. The Act of the Thirty-first Legislature, page 293, et seq., was enacted for the purpose and intent to regulate the business of liquor selling, and provides that before any person shall sell spirituous liquors in quantities of a gallon or less he shall pay an annual tax to the State of $375 on each separate establishment. Section 2 of the Act defines who are retail liquor dealers. The last clause of said section 2 reads as follows: "Any person who sells intoxicating liquors in quantities less than one gallon shall be governed by the provisions of this law and be required to take out license hereunder." Section 4 thus reads: "No person shall directly or indirectly sell spirituous or vinous liquors capable of producing intoxication in quantities of one gallon or less without taking out a license as a retail liquor dealer." The following portion of that section provides the punishment.

The evidence in the case may be substantially stated as follows: Peabody testified that on the morning of —— day of August, 1909, he met appellant in Fort Worth, it being Sunday. That appellant was in a pool-hall, just east of and adjoining the saloon on the southeast corner of 15th and Rusk Streets, in the city of Fort Worth; that witness approached and asked appellant to let him have a pint of whisky. Appellant at first informed him that he could not do anything for him. Witness again asked for the whisky and told him he was sick and needed it, and offered appellant sixty-five cents, which he took and said he would see what he could do for the witness. After taking the money appellant walked out of the pool-hall in the direction of the saloon above mentioned, and was gone about two or three minutes. He returned and informed witness that if he would go to the rear of the pool-hall and look on top of a barrel he would find the whisky. Witness went as indicated and found a pint of whisky. It was on top of a barrel. Shortly afterwards he met two city detectives, Johnson and Williams. The detectives searched the witness and took the whisky. Appellant testified that he had seen Peabody a time or two, and recognized him by sight, and also remembered seeing him on the Sunday in question in the pool-hall as indicated by Peabody. That at the time he was playing pool, and Peabody asked him to sell him a pint of whisky. He informed appellant that he had sixty-five cents, and wanted to buy that amount of whisky. That he informed Peabody there was nothing doing, that they were not selling whisky on Sunday. Peabody insisted several times on buying it, and was as often refused. He further testified that Peabody finally told him that some of his family was sick, and that he had to have some whisky. Appellant then told him he would see what he could do for him, but

that he, himself, could not sell it. He took the sixty-five cents, went outside of the pool-hall, and found a party whom he thought was selling whisky that Sunday. He gave this party the sixty-five cents and returned to the pool-hall and again began playing. A few minutes afterward Peabody went out of the rear door of the pool-hall into the alleyway, and in a short time returned through the pool-room and went out on 15th Street. Appellant says he never sold any whisky, and never got a cent of the money Peabody gave him; he gave it over to the man he just named. The man was a stranger to him. And appellant further states that he was told that the party to whom he gave the money was from Jacksboro or Graham, or somewhere up there. Appellant on the particular Sunday, and some time theretofore, was and had been in the employe of Sarrsfield, who owned and was running a saloon on the corner of 15th and Rusk Streets, and that he had been working for Sarrsfield for a good while, and was paid by him a regular salary; that his business was that of bartender. Sarrsfield was operating his business under a license at the time as retail liquor dealer, and that the license did not expire until after the date in question. Appellant himself did not have a retail liquor dealer's license at the time of the alleged sale. Sarrsfield had forbidden appellant to sell on Sunday. McGinnis was introduced by appellant to contradict Peabody on certain statements that Peabody is said to have made subsequent to this transaction, and he stated that Peabody came in where they were, which was at a certain saloon, and engaged in a conversation, and stated to appellant that he, Peabody, told the officers when they arrested him that he had gotten the whisky from Cassidy for his, Peabody's, protection. That he was afraid the officers would take him to jail and lock him up if he did not tell them he got the whisky from Cassidy. He further denied in that conversation having gotten any whisky from Cassidy, and stated he would so swear on the trial. Peabody was recalled and denied making this statement, and further stated he did not deal with anybody that Sunday except appellant.

The question is, does this testimony make out a case under the allegations in the complaint and information? It will be noted that appellant was not charged with a violation of the Sunday law or with any provision of the retail liquor dealers' license law, but was charged with and tried for selling without taking out a license. We are of opinion that the evidence does not show that appellant violated section 4 of the Act of the Thirty-first Legislature. There is nothing to intimate that he made but one sale, conceding the State's evidence is to be credited to the exclusion of the evidence offered by appellant. There is nothing else to indicate that appellant was engaged in the business of selling spirituous liquors which were intoxicating except as the bartender of a regular licensed retail liquor dealer. If he was selling in violation of the law under license, it would not constitute him guilty under the charge here, because he was charged with selling

without license. It is, therefore, unnecessary to consider any criminality or his relation to the law if it be conceded he sold the whisky after getting it out of Sarrsfield's saloon. One sale of this character would not constitute appellant a retail liquor dealer carrying on a business of that sort under the provisions of the Act of the Thirty-first Legislature. And if he sold it from Sarrsfield's saloon it would not support the allegation in the complaint and information.

Because we are of opinion that the evidence is not sufficient to support the allegations in the complaint and information, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*