## Will Trezevant v. The State.

### No. 1654.   Decided April 3, 1912.

**1.—Retail Liquor License—Club—Bona Fide Members.**

A bona fide chartered club may sell intoxicating liquors to its members without taking out a license to do so, during the time such sales may be allowed by law. Following Adams v. State, 66 Texas Crim. Rep., 220, and other cases.

**2.—Same—Selling to Stranger—Intoxicating Liquors.**

Where the information charged defendant with selling intoxicating liquors in quantities of one gallon or less without license, and there was no contention made that the party to whom the sale was made was a member of the chartered club for whom defendant was secretary and manager at the time he made the sale, and the evidence showed that the sale was made directly to such person and not to any member of the club for the use of such person who was not a member, and the court properly submitted both in his main charge and the requested charges the law applicable to the facts, the conviction is sustained.

**3.—Same—Information—Pursuing Occupation.**

It is not necessary, in an information charging the sale of intoxicating liquors by retail without license, to allege that the defendant was pursuing the occupation of retailing liquors; under the law any person who shall sell intoxicating liquors is liable to the penalty fixed by law. Qualifying Cassidy v. State, 58 Texas Crim. Rep., 454.

### 4.—Same—Case Stated—Chartered Club.

Where, upon trial of selling intoxicating liquors in quantities of one gallon or less without license, the evidence showed that the defendant was the secretary and manager of an incorporated club, who sold liquor to its members and that he had made a sale to a person not a member thereof, for which he was being prosecuted, and further tended to show that such sales were made to all persons who desired to purchase, there was no reversible error, and the conviction under the information was sustained.

### 5.—Same—Evidence—Declarations by Defendant.

Upon trial of selling intoxicating liquors, etc., without license, there was no error in admitting in evidence the declarations of defendant, while not under arrest, asking the officer how much it would take to square himself.

### 6.—Same—Evidence—Bill of Exceptions.

In the absence of a bill of exceptions, the exclusion of testimony can not be considered on appeal.

### 7.—Same—Case Stated—Incorporated Club.

Where defendant was prosecuted for selling intoxicating liquors, etc., without license, and the evidence showed, that as steward of an incorporated club, he made the sale of intoxicating liquors to a person not a member of the club, and that he had no license to do so, the conviction was sustained.

Appeal from the County Court of Tarrant. Tried below before the Hon. R. E. Bratton.

Appeal from a conviction of selling intoxicating liquors, etc., without license; penalty, a fine of $250 and one day confinement in the county jail.

The opinion states the case.

*Baskin, Dodge & Eastus,* for appellant.—On question of insufficiency of information: Merritt v. State, 19 Texas Crim. App., 435.

On question of defendant's declarations: Walker v. State, 6 Texas Crim. App., 576; Sims v. State, 4 id., 144; Rainey v. State, 20 id., 473; Jones v. State, 51 Texas Crim. Rep., 472, 101 S. W. Rep., 993.

On question of right of incorporated club to sell intoxicating liquors, etc.: Koenig v. State, 33 Texas Crim. Rep., 367; State v. Austin Club, 89 Texas, 20; State v. Duke et al., 137 S. W. Rep., 654.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted under an information and complaint charging him with selling intoxicating liquors in quantities of one gallon or less without first obtaining a license to do so under the laws of this State.

The facts would seem to indicate that appellant was secretary and manager of the Colored Country Club at Fort Worth, Texas, which organization is a chartered institution, it being alleged that it was formed for the purpose of promoting and cultivating social and literary intercourse among the colored people of Tarrant County and the adjoining counties. A membership fee of one dollar is charged, and the dues are fixed at fifty cents a month. To remain in good standing the

monthly dues must be paid, and one who permits himself to get in arrears for two months is suspended. Taking the charter, purposes as explained by the testimony, the club would be a bona fide institution, and as held by the Supreme Court in the case of Duke v. State, 137 S. W. Rep., 654, and by this court in the case of Adams v. State, 66 Texas Crim. Rep., 220, recently decided, and the cases cited in those two opinions, the club would be permitted to sell intoxicating liquors to its members without taking out license so to do. This question we do not deem it necessary to further discuss, but merely refer to those decisions.

However, in the complaint and information the sale is alleged to have been made to Myrtle Glover, and there is no contention made that she is a member of the club. It was denied that any sale was made to her, but insisted that the sale was made to George Alexander, who says he is a member of the club and invited Myrtle Grover and another woman to accompany him to the club as his guests. That the two women drank beer, sitting at a table in the club room, is not disputed, and the whole contest is over to whom was the sale made. The State did not insist, if the sale was made to a member of the club, the defendant would be guilty of any offense, but it insisted and offered evidence to prove that the sale was made direct to the woman, and the evidence, while conflicting, would support a verdict of the jury so finding. The court, at the request of appellant, instructed the jury:

"You are instructed if you find and believe from the evidence before you in this case that the defendant, Will Trezevant, was the Secretary of what is known as the Colored Country Club, and you further find and believe that said club was a bona fide club chartered under the laws of the State of Texas and that the defendant as the secretary of such club, knowingly permitted intoxicating malt liquors to be sold to one Alexander, a bona fide member of the club in good standing, to be served to the Glover woman and her companion, invited guests of the club, on the date charged in the indictment, but you further find that said sale, if any, was made in good faith to the said Alexander as a member of the club and afterwards served to the Glover woman and her companion as guests of the club, then you are instructed that such sale, if any, is not denounced by law and it will be your duty to acquit the defendant."

The court also gave the following charge requested by appellant:

"You are instructed that you can not convict the defendant in this case unless you find and believe from the evidence beyond a reasonable doubt that the defendant was engaged in the business of dispensing intoxicating malt liquors to persons other than bona fide members of a bona fide club in good faith and if you have a reasonable doubt as to whether or not he was engaged in such business it will be your duty to acquit the defendant."

In fact, all the special charges requested by appellant were given except the one requesting the court to peremptorily instruct a verdict

of not guilty. Thus it is seen that the issue, as to whom the sale was made, was fairly submitted to the jury and they found against appellant's contention. So in discussing the remaining questions we will treat the case as a sale by a club to a person not a member thereof.

It is insisted that the information is defective in that it does not charge that appellant was "pursuing the occupation," etc. Our statutes now do not require such an allegation, but it is provided that any person who shall sell intoxicating liquors is liable to the penalty fixed by law. It is true that this court has held in the case of Cassidy v. State, 58 Texas Crim. Rep., 454, 126 S. W. Rep., ·600, that a person who makes an isolated sale of liquors would not be guilty, but each case must be decided on the evidence introduced. In this case there is a bar fixed up with a stock of liquors kept for sale; the steward, or person in control, is presumed to know who are members and entitled to purchase, and if such a person who has charge of the liquor kept for sale makes a sale of liquor to a person not a member, he would be guilty of an offense. In addition to this, the testimony of the witness Musick and others would indicate that sales were being made to all persons who desired to purchase on the occasion they visited the place. The court did not err in overruling the motion to quash the information.

While the defendant was on the witness stand testifying in his own behalf, on cross-examination he was asked, that if after having his attention called by the officers to the fact that a sale of liquor had been made to Myrtle Glover, he did not ask the witness Musick: "How much will it take to square this thing?" He denied making such a statement, but says what he did say was: "Mr. Musick, I am trying to run a straight place, and what have you all got against me?" In rebuttal Musick was permitted to testify that appellant had made such a statement to him, as was also deputy sheriff Thompson, the testimony of the two officers being objected to on the ground that "it was an effort to impeach the defendant upon an immaterial issue, and sought to elicit evidence of a highly prejudicial nature." There is no contention that appellant was under arrest at this time, and it is shown that he knew with what offense he was charged, and if it be considered either in the light that it was admitting the sale, or that he was endeavoring to pay the officer to keep him from testifying against him, it would be admissible.

There was no bill reserved to the action of the court in not permitting the witnesses Waldon and Shannon Trezevant to testify, consequently we can not consider this ground in the motion for a new trial.

As we view the law, the steward or other officer of the club who makes a sale of intoxicating liquor to a person other than a member of the club, would be guilty of an offense; consequently we are of opinion that the judgment should be affirmed.

*Affirmed.*