BRUCE BEATY v. THE STATE.

No. 2686. Decided December 3, 1913.

Rehearing denied January 28, 1914.

**1.—Occupation—Selling Intoxicating Liquors—Local Option—Indictment —Negative.**

An indictment charging the offense of pursuing the occupation of selling intoxicating liquors in prohibition territory need not negative the fact that the alleged sales were permitted by law. Following Slack v. State, 61 Texas Crim. Rep., 372.

**2.—Same—Indictment—Pursuing Occupation—Single Sale.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in prohibition territory, the indictment followed approved precedent, a complaint that it charged a single violation of the local option law and failed to allege that the defendant pursued the occupation, etc., was untenable, and the indictment was sufficient.

**3.—Same—Law in Force—Motion in Arrest of Judgment.**

Where, upon trial of pursuing the occupation of selling intoxicating. liquors in prohibition territory, the question as to whether the law was in force in the county of the prosecution having been previously settled by the decisions of this court adversely to defendant, there was no error in overruling a motion in arrest of judgment on that ground. Following Fitch v. State, 58 Texas Crim. Rep., 366.

**4.—Same—Continuance—Want of Diligence.**

Where the bill of exceptions showed a total lack of diligence on the part of the defendant to procure the witnesses material to his defense, and a refusal of all assistance by the court and district attorney to secure such witnesses, and that no process had ever been issued for them, there was no reversible error.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the evidence sustained the conviction, under a proper charge of the court, there was no error.

**6.—Same—Bill of Exceptions—Qualification by Court.**

Where, upon appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory, the qualification by the court of defendant's bill of exceptions showed that defendant had never applied for process for the absent witnesses for whose absence he asked a continuance, and that the defendant accepted the bill with the court's qualifications, there was no reversible error.

Appeal from the District Court of San Saba. Tried below before the Hon. Clarence Martin.

Appeal from a conviction of pursuing the occupation of selling in-

toxicating liquors in local option territory; penalty, two years imprison-
ment in the penitentiary.

The opinion states the case.

*Faver & Allison,* for appellant.—On question of insufficiency of the
indictment: Keith v. State, 58 Texas Crim. Rep. 418, 126 S. W. Rep.,
569; Duke v. State, 42 Texas Crim. Rep., 3; State v. Clayton, 43 Texas,
410.

On question of overruling motion for continuance: Buie v. State,
1 Texas Crim. App., 452; Mapes v. State, 14 id., 129; Dawson v. State,
38 Texas Crim. Rep., 9.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted for the offense of pur-
suing the occupation of selling intoxicating liquors in prohibition terri-
tory, and his punishment assessed at two years confinement in the State
penitentiary.

Appellant filed a motion to quash the indictment on the ground that
"it does not negative the fact that the alleged sales were permitted by
law." This question was thoroughly discussed in the case of Slack v.
State, 61 Texas Crim. Rep., 372, and cases there cited. We deem it
unnecessary to do so again. The ruling in that case has been uniformly
followed and we see no reason to change our opinion.

After verdict, appellant filed a motion in arrest of judgment, alleging
that the indictment charged a single violation of the local option law,
and did not charge appellant with pursuing the business and occupation;
and if it did charge that appellant was pursuing the business or occupa-
tion, then such offense was not in force in San Saba County, as the elec-
tion in that county was held prior to the enactment of the statute mak-
ing it an offense to pursue the occupation. The form of indictment in
this case was specifically approved by this court in Mizell v. State, 59
Texas Crim. Rep., 226, and has been sustained in a number of decisions
since then and it does charge the pursuing of an occupation. And the
question whether the law was in force in San Saba County underwent a
thorough discussion in Fitch v. State, 58 Texas Crim. Rep., 366, and
that opinion has been adhered to, and in the opinions just cited will be
found discussed all the questions raised by appellant as to the sufficiency
of the indictment, and we respectfully refer to them, and hold that the
court did not err in overruling the motion to quash and in arrest of
judgment.

By bill of exceptions No. 2 it is made to appear that the indictment
was returned into court on the morning of April 19th; that appellant
was arrested and brought into court by 9 o'clock in the morning. That
the attorneys who represented him on this trial were then retained and
after consulting with their client it was agreed in open court that the
two days allowed by law for preparation of pleas would be waived and

the case set for trial on Monday, April 21, and this was done. That the court and district attorney then informed counsel and his attorneys that if they desired to summon any witnesses, if they would make application, the district attorney, in consideration of their waiving the two days, would telephone the proper officers in whatever county the witnesses might reside and have them summoned, at once. That at noon Saturday one of appellant's counsel informed the district attorney that they would invoke the suspended sentence law, but they would summon no out-of-county witnesses. Monday morning when the case was called, as per agreement of counsel, appellant then filed a motion to continue, stating that he desired seven witnesses who resided in Mills County; that he would enter a plea that if found guilty his sentence might be suspended; that he had had no process issued for the witnesses, as he had not had time to get out the process and the witnesses, if present, would testify that appellant had never prior to this time been convicted of a felony, and had always borne a good reputation. The court states that when this application for a continuance was filed, he, in open court, notified appellant and his counsel that, notwithstanding the agreement to set the case for the 21st, he would not call the case until the following day, so that they might have the entire two days allowed by law, if they so desired, but that the time was again waived, and all agreed that the case might be called for trial at the time it was tried. The court further states, in approving the bill: "The court informed defendant and counsel that any process desired for witnesses would be wired out at once, but none was applied for, and none of the witnesses applied for until the case was called for trial. Had process been applied for when the court so notified defendant and his counsel, the witnesses could easily have been procured if at their respective places of residence as named." Appellant accepts the bill with all these recitations; and does not contest that the facts are correctly stated. It is further shown by the bill that the mail left San Saba on the 19th of April at 3 p. m., and if process had been sent in that mail it would have reached the sheriff of Mills County on the 19th, and the witnesses could have been summoned and their attendance secured by the 21st. After agreeing on the morning of the 19th that the case could be set for the 21st, if the attendance of these witnesses had been desired, to exercise diligence the process should have been gotten out, and sent on the mail that left at three o'clock that evening, but this was not done, and on Monday, the 21st, when the court stated to them that the case would not be called until the next day if they so desired, they say nothing about the witnesses, but again waive time, and when the case is called, a motion for continuance is filed to secure witnesses for whom no process has ever been issued. Under such circumstances there was no error in overruling the application to continue the case. If any diligence had been shown, as appellant filed a motion to suspend the sentence, witnesses to prove good character would be material to an issue in the case, but, as the bill shows a total lack of diligence, and a refusal of all assistance by the court and the district

attorney to secure the witnesses, and it further appearing that no process has ever been issued for the witnesses, we will not reverse the case.

The evidence amply supports the verdict, and the court submits all the issues made by the testimony in language frequently approved by this court.

Affirmed.

*Affirmed.*

### ON REHEARING.

### January 28, 1914.

HARPER, JUDGE.—A motion for rehearing has been filed in this cause, and appellant earnestly insists that the court misconstrued the qualification of the trial judge. The qualification reads as follows:

"Examined, approved and signed by me, and ordered to be filed as a part of the record in this cause, this the 19th day of May, 1913, with explanation that the court had defendant and his counsel appear in open court and informed them that the case would not be called for trial until the following day if they so desired,—but the time was waived, and they all agreed in open court that the case be called for trial on the day it was tried.

"The court then informed defendant and counsel that any process desired for witnesses would be wired out at once, but none was applied for, and none of the witnesses applied for until two days following when the case was called for trial.

"Had process been applied for when the court so notified defendant and counsel, the witnesses could have easily been procured, if at their respective places of residence."

Furthermore, the district attorney filed the following contest, duly sworn to:

"Now comes the district attorney and replying to the application of defendant for continuance, says the diligence used by defendant to procure the attendance of the witnesses named in said application, is not sufficient in this:

"On Saturday, April 19, 1913, about 9 o'clock a. m., the indictment in this cause was returned, defendant arrested and counsel retained, who were informed by the district attorney and the court that any process they desired issued would promptly be issued, and the district attorney informed counsel that he would phone the proper officer in whatever county the witnesses might reside, to summon them at once, to appear upon said trial.

"Counsel and defendant agreed with the district attorney to waive the two days, after return of indictment and agreed that said trial would be set for Monday, April 21, 1913. After the noon hour on April 19, 1913, the district attorney had a consultation with P. M. Faver, one of the counsel for defendant, in which said counsel informed the district attorney that the defendant would invoke the suspended sentence law and claimed that defendant had previously enjoyed a good reputation,

but further told said district attorney he would not summons any out-county witnesses."

Under such circumstances we do not think the court erred in refusing to continue the case for witnesses who had never been even applied for, as shown by the record, prior to the time the motion to continue was filed, and in fact were never issued for.

The motion for rehearing is overruled.

*Overruled.*