## M. A. Brown v. The State.

### No. 3205. Decided June 26, 1914.

**Selling Cocaine—Indictment—Negative Averments.**

In an indictment for unlawfully selling, etc., cocaine and morphine, it was not necessary to allege matters of defense which were not a part of the description of the offense. Following Slack v. State, 61 Texas Crim. Rep., 372, and other cases.

Appeal from the County Court of Erath. Tried below before the Hon. A. P. Young.

Appeal from a conviction of unlawfully selling cocaine, etc.; penalty, a fine of $25.

The opinion states the case.

*Hickman & Bateman*, for appellant.—On question of insufficiency of indictment: Blair v. State, 50 Texas Crim. Rep., 225, 96 S. W. Rep.,

23; id., 97 S. W. Rep., 89; Huffman v. State, 55 Texas Crim. Rep., 144, 115 S. W. Rep., 578; Needham v. State, 51 Texas Crim. Rep., 248, 103 S. W. Rep., 857.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted under the following indictment, omitting formal parts: "did then and there unlawfully sell, furnish and give cocaine and morphine to M. E. Maddox, the said cocaine and morphine not then and there being sold, furnished and given by the said M. A. Brown upon the original written order or prescription of a lawfully authorized practitioner of medicine, dentistry or veterinary medicine."

The only error relied on is that the court erred in overruling the motion to quash the indictment. The motion alleges that the indictment is defective because it is not charged that the cocaine and morphine were not recommended in good faith for diarrhoea or cholera; that it was not sold at wholesale to retail druggists; that it does not allege the purchaser was not a manufacturer or regular practitioner of medicine, etc. If it was necessary to negative these exceptions, of course the indictment would be defective, but in defining the offense article 747 of the Penal Code reads: "It shall be unlawful for any person, firm or corporation to sell, furnish or give away cocaine, salts of cocaine or preparations containing cocaine, or salts of cocaine, or any morphine, or salts of morphine, or preparations containing morphine or salts of morphine, .or any opium or preparations .containing opium, or any chloral hydrate or preparations containing chloral hydrate, except upon the original written order or prescription of a lawfully authorized practitioner of medicine, dentistry or veterinary medicine," etc.

We had the question here presented in Slack v. State, 61 Texas Crim. Rep., 372, and held adversely to appellant's contention, quoting approvingly United States v. Cook, 84 U. S., 168, wherein it was held: "Commentators and judges have sometimes been led into error by supposing that the words 'enacting clause,' as frequently employed, mean the section of the statute defining the offense, as contradistinguished from a subsequent section in the same statute, which is a misapprehension of the term, as the only real question in the case is, whether the exception is so incorporated with the substance of the clause defining the offense as to constitute a material part of the description of the acts, omission or other ingredients which constitute the offense. Such an offense must be accurately and clearly described, and if the exception is so incorporated with the clause describing the offense that it becomes in fact a part of the description, then it can not be omitted in the pleading; but if it is not so incorporated with the clause defining the offense as to become a material part of the definition of the offense, then it is matter of defense and must be shown by the other party, though it be in the same section or even in the succeeding sentence, citing 2 Lead. Cr. Cas., 2d ed., 12; Vavasour v. Ormrod, 9 Dowl. & Ryl., 597; Spieres

v. Parker, 1 T. R., 141; Com. v. Bean, 14 Gray, 52; 1 Stark Cr. Pl., 246." See also Wade v. State, 53 Texas Crim. Rep., 184; Chapman v. State, 37 Texas Crim. Rep., 167; Brown v. State, 9 Texas Crim. App., 171, and cases cited in the case of Slack v. State, supra.

The judgment is affirmed.

*Affirmed.*